2008 WY 106

**Margaret Lucille LARGENT, n/k/a Margaret L. Wolfe, Appellant (Plaintiff),**

v.

**John D. LARGENT, Appellee (Defendant).**

No. S–07–0259.

Supreme Court of Wyoming.

Sept. 8, 2008.

Representing Appellant: Larry W. Harrington, Harrington Law Firm, PC, Casper, Wyoming.

Representing Appellee: William D. Hjelmstad, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] Margaret Wolfe and John Largent divorced in Washington. Subsequently, Mr. Largent moved to Wyoming. In an effort to collect back child support, Ms. Wolfe registered the divorce decree in Wyoming and requested confirmation and enforcement of that decree. Mr. Largent did not file a response or request a hearing to contest the validity or enforcement of the decree, and the district court entered a default judgment in Ms. Wolfe's favor. Mr. Largent moved to set aside the default judgment and the district court granted the motion. The court ultimately denied confirmation and enforcement of the divorce decree. In this appeal, Ms. Wolfe challenges the district court's order setting aside the default judgment and the district court's decision to deny confirmation and enforcement of the decree. We find no error in the district court's decision to set

aside the default judgment. We conclude, however, that the district court erred in its decision to deny confirmation and enforcement of the decree. We reverse and remand for further proceedings.

### ISSUES

[¶2] Ms. Wolfe presents the following issues:

1. Did the trial court err by allowing the Appellee to contest the validity or enforcement of the registered child support order outside the twenty-day contest period allowed by Wyo. Stat. Ann. § 20–4–177 (LexisNexis 2003) and by refusing to preclude contest of a confirmed order pursuant to Wyo. Stat. Ann. § 20–4–180?

2. Did the trial court err in its application of W.R.C.P. 60(b)(1), in setting aside the confirmation and enforcement of the child support order and arrearages?

3. Did the trial court abuse its discretion by denying confirmation and enforcement of the child support order and arrearages?

### FACTS

[¶3] Ms. Wolfe and Mr. Largent divorced in December of 1967 in Skagit County, Washington. Ms. Wolfe was awarded custody of the couple's eight children subject to Mr. Largent's visitation rights. The court ordered Mr. Largent to pay child support in the amount of "Twenty-five Dollars ($25.00) per month for each child until each of said children reaches the age of Twenty-one years, is married or becomes self-supporting, whichever event first occurs." Mr. Largent moved to Wyoming in 1978.

[¶4] In December of 2000, Ms. Wolfe filed the divorce decree and a *Verified Notice of Filing and Registration of Foreign Orders for Child Support* in Wyoming district court. She alleged that Mr. Largent owed back child support in the amount of $34,250.00. Ms. Wolfe also filed *Plaintiff's Motion for Order to Show Cause Why Defendant Should not be Held in Contempt of Court for Failure to Pay Child Support.* The district court set

a hearing date and ordered that Mr. Largent "show cause why [he] should not be held in contempt of court for having failed to pay court ordered child support." The parties subsequently filed a *Stipulated Motion for Continuance* and the district court granted the motion. The record does not reflect that a hearing was ever held. Eventually, Ms. Wolfe filed a motion seeking dismissal without prejudice. The district court granted the motion and dismissed the case without prejudice on July 18, 2002.

[¶ 5] Ms. Wolfe initiated a second action to enforce the divorce decree in Wyoming. In May 2004, she filed a *Motion for Confirmation and Enforcement of Child Support Order and Arrearages.* The motion was accompanied by an *Affidavit of Indebtedness for Child Support Arrearage.* In the motion and affidavit, Ms. Wolfe alleged that Mr. Largent owed $34,250.00 in arrearages and interest of $182,492.56 for a total of $216,742.56, as of February 12, 2004. Service of process occurred on May 21, 2004. Mr. Largent did not file a response and Ms. Wolfe sought a default judgment. The district court entered a judgment in Ms. Wolfe's favor on December 16, 2004 in the amount of $216,742.56, plus additional accrued interest. The court ordered that Mr. Largent's income be garnished in the amount of $718.90 per month. Ms. Wolfe filed the order with the Social Security Administration, which then began deducting that amount from Mr. Largent's monthly social security benefits. On December 15, 2005, Mr. Largent filed a *Motion for Relief from Final Judgment and to Vacate Judgment.* The motion alleged several bases for relief pursuant to W.R.C.P. 60(b), including "[m]istake, inadvertence, surprise or excusable neglect." Ms. Wolfe opposed the motion.

[¶ 6] The district court held a hearing on the motion. Mr. Largent and his current wife both testified. According to their testimony, Mr. Largent suffered a severe heart attack in 2004 that resulted in a hospital stay and a difficult six-month rehabilitation period. Mr. Largent spent most of his recuperation period in bed. Mrs. Largent testified that she was served with the documents initiating the current proceeding during Mr. Lar-

gent's recuperation period. She did not advise Mr. Largent that she had been served with the documents. Instead, she put the documents aside, mistakenly believing them related to the earlier, dismissed action. Mrs. Largent testified that Mr. Largent was "[i]n bed on oxygen. I just got him out of the hospital, so he was in pretty bad shape" at the time of service. Mr. Largent testified that he first became aware of Ms. Wolfe's action to collect child support when garnishment of his monthly social security benefits began. Ms. Wolfe did not call any witnesses to testify or introduce any exhibits at the hearing. Her primary contention at the hearing was that the district court lacked subject matter jurisdiction to determine the motion pursuant to Wyo. Stat. Ann. § 20–4–180. The district court rejected Ms. Wolfe's assertion that it lacked jurisdiction and, based upon a finding of excusable neglect, granted Mr. Largent's motion to set aside the default judgment.

[¶ 7] Subsequently, a hearing was held to address the merits of Ms. Wolfe's *Motion for Confirmation and Enforcement of Child Support Order and Arrearages.* The details of that hearing are sparse. It was not reported, and this Court is presented with a settled record pursuant to W.R.A.P. 3.03. The district court's order settling the record notes that Mr. Largent testified to making some child support payments in the past, including a payment of $500.00, and $12,000.00 that was garnished from his social security benefits.

[¶ 8] On July 25, 2007, the district court entered an *Order Denying Motion for Confirmation and Enforcement of Child Support Order and Arrearages.* The court found:

> [Mr. Largent] met his burden of proving that there is a defense under the law of this state to the remedy sought by [Ms. Wolfe] . . . since the evidence presented at hearing indicates that the total support obligation requested is not a proper amount, that the amount of interest requested to be included in the support obligation is not correct, and since there have been payments made by [Mr. Largent] and withholding from [Mr. Largent]'s social se-

curity that have not been credited against the requested support obligation. . . .

[Mr. Largent] also met his burden of proving by evidence presented at hearing that there have been full or partial payments that have not been credited to the asserted child support obligation sought to be enforced in this matter. . . .

Based upon the findings ... above, [Mr. Largent] has established defenses under Wyo. Stat. [Ann.] § 20–4–179(a)(v) and (vi), and accordingly, the request for confirmation of the registered order should be denied.

Ms. Wolfe filed a timely appeal.

### JURISDICTION

[¶ 9] In her first issue, Ms. Wolfe asserts that the district court lacked jurisdiction to consider Mr. Largent's W.R.C.P. 60(b) motion to set aside the judgment. "Whether a court has jurisdiction is a question of law to be reviewed *de novo*." *SEG v. GDK*, 2007 WY 203, ¶ 4, 173 P.3d 395, 395 (Wyo.2007).

[¶ 10] The Uniform Interstate Family Support Act (UIFSA), as adopted in Wyoming, generally provides a process allowing support orders from foreign jurisdictions to be enforced in Wyoming. Wyo. Stat. Ann. §§ 20–4–139, *et seq.* The foreign order is "registered" in this state when filed in district court. Wyo. Stat. Ann. § 20–4–175(a); *State ex rel. Mahoney v. St. John*, 964 P.2d 1242, 1244 (Wyo.1998). The foreign order must be accompanied by, among other attachments, a "sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage." Wyo. Stat. Ann. § 20–4–174(a)(iii) (LexisNexis 2003). Once the order is registered, the court must notify the nonregistering party of its registration. Wyo. Stat. Ann. § 20–4–177. The nonregistering party may "contest the validity or enforcement of a registered order" by requesting a hearing within 20 days of service. Wyo. Stat. Ann. § 20–4–178(a). If the nonregistering party fails to request a hearing within the allotted time, "the order is confirmed by operation of law." Wyo. Stat. Ann. § 20–4–178(b). "Confirmation of a reg-

istered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." Wyo. Stat. Ann. § 20–4–180.

[¶ 11] Because Mr. Largent did not request a hearing to contest the validity or enforcement of the registered order within 20 days of personal service, that order was "confirmed by operation of law." Wyo. Stat. Ann. §§ 20–4–178(a), (b). Ms. Wolfe contends that, as a result of the order's confirmation, the district court "did not have the power or jurisdiction to extend the twenty day period allowed by [the] UIFSA to contest registration of the Washington support order." We disagree.

[¶ 12] Mr. Largent sought relief from the default judgment pursuant to W.R.C.P. 55(c) and 60(b). W.R.C.P. 55(c) states: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." W.R.C.P. 60(b), in relevant part, states: "On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." The Wyoming Rules of Civil Procedure "govern procedure ... in all actions, suits or proceedings of a civil nature and in all special statutory proceedings" and apply to civil actions to enforce a foreign support order. W.R.C.P. 1. Accordingly, the district court had jurisdiction to determine Mr. Largent's motion to set aside the default judgment.

### W.R.C.P. 60(b)

[¶ 13] Ms. Wolfe next contends that the district court improperly granted Mr. Largent's motion for W.R.C.P. 60(b) relief.

The granting of relief pursuant to that rule is a matter of the exercise of discretion by the trial court, and appellate review is limited to the question of whether the trial court abused its discretion. A court abus-

es its discretion when it exceeds the bounds of reason or commits an error of law, with the ultimate standard being whether or not the court could have reasonably concluded as it did. The appellant bears the burden of proof to show that the trial court abused its discretion and was clearly wrong in granting relief under W.R.C.P. 60(b). Absent such a showing, the relief awarded by the trial court should be upheld.

*Dep't of Family Servs. v. PAJ*, 934 P.2d 1257, 1259–60 (Wyo.1997) (citations and paragraph break omitted). We have previously noted that:

the exercise of discretion in granting or denying relief depends upon the facts of the case. In making that decision, the district court is to consider whether the moving party established the articulated grounds [alleged in the motion] and demonstrated a meritorious defense. Even so, the district court then must determine whether the plaintiff will be prejudiced and whether culpable conduct on the part of the defendant resulted in the default.

*Jackson Hole Comm. Housing Trust v. Scarlett*, 979 P.2d 500, 502 (Wyo.1999). "[T]his court has long recognized that 'default judgments are not favored in the law' and '[i]t is preferable that cases be tried on their merits.'" *Vanasse v. Ramsay*, 847 P.2d 993, 997 (Wyo.1993) (quoting *Carlson v. Carlson*, 836 P.2d 297, 301 (Wyo.1992)).

[¶ 14] The trial court concluded at the hearing that any prejudice to Ms. Wolfe was "nominal." The court reiterated this conclusion in its written order: "the Court finds some prejudice but not significant prejudice as all of the children are long ago emancipated and this is an action to collect arrearages." Ms. Wolfe asserts that the court's finding was error. She states in her brief that "[i]t is very difficult to convince the Appellant that the [t]rial [c]ourt's decision to take away her confirmed order and enforced child support is not prejudicial to her." Ms. Wolfe, however, takes the concept of prejudice too far. She implies that it encompasses any negative consequence for the non-moving party. "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Stephenson v. El–Batrawi*, 524 F.3d 907, 915 (8th Cir.2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998)); *see also, e.g., Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir.1990). Ms. Wolfe has not demonstrated—or alleged—that her ability to litigate this case on the merits was compromised between the time the default judgment was entered and the hearing on the merits. We find no error in the district court's determination that Ms. Wolfe would not be prejudiced by vacation of the default judgment.

[¶ 15] Ms. Wolfe also claims that the district court erred when it determined that Mr. Largent had a meritorious defense. Pursuant to Wyo. Stat. Ann. § 20–4–179(a):

A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one (1) or more of the following defenses:

(i) The issuing tribunal lacked personal jurisdiction over the contesting party;

(ii) The order was obtained by fraud;

(iii) The order has been vacated, suspended or modified by a later order;

(iv) The issuing tribunal has stayed the order pending appeal;

(v) There is a defense under the law of this state to the remedy sought;

(vi) Full or partial payment has been made; or

(vii) The statute of limitations under W.S. 20–4–176 precludes enforcement of some or all of the arrearages.

[¶ 16] Mr. Largent asserted several defenses. Primarily, he asserted that the amount of arrearages claimed by Ms. Wolfe was incorrect. He alleged that he had made several support payments that were not properly reflected in the arrearage calculation. He also alleged that at least one of the children had married prior to her 21st birthday, and that the arrearage should be calculated from the date of marriage rather than the 21st birthday. He contested the interest amount on the basis that it was calculated

using an incorrect arrearage amount. He also asserted that the applicable statute of limitations barred Ms. Wolfe's claim for some or all of the arrearages. Partial payment and the statute of limitations are explicitly listed as defenses to the enforcement of a foreign child support order pursuant to Wyo. Stat. Ann. § 20–4–179(a)(vi) and (vii), and the district court found sufficient evidence to support those defenses. The evidentiary record supports the district court's conclusion. Additionally, the decree specifically provided that the support obligation for each child terminated when the child reached the age of twenty-one, became self-supporting, or married. The amount of interest owed is dependent upon the amount of child support arrearages. If the arrearages claimed by Ms. Wolfe were incorrect, the interest calculation is also incorrect. We find no error in the district court's determination that Mr. Largent demonstrated a meritorious defense.

[¶ 17] Ms. Wolfe also asserts that the district court incorrectly found Mr. Largent's negligence non-culpable. The district court determined that Mr. Largent's testimony was "highly credible." He testified that he had suffered a severe heart attack, and the documents were served during his recuperation period. He did not know of those documents until the default judgment had been entered and his social security benefits were garnished. Mrs. Largent testified that she thought the documents were related to the prior litigation. As a result, she put them aside. The district court concluded that "although [Mr. Largent] was negligent, [he] was not culpable because he had significant health problems complicated by financial ability being significantly impaired due to income withholding and his raising of his minor child." Although Ms. Wolfe disputes this finding, she fails to support her argument with evidence from the record. The following is her entire argument on this issue:

> The Defendant's failure had [sic] to contest the registration had nothing to do with the Social Security Withholding Order served seven months after the Notice of Registration was served. The Defendant had made a decision that the matter had been resolved in prior litigation. That was not [sic] a willful decision, purposely, and with a reckless disregard of the consequences.

Ms. Wolfe's bare assertion is insufficient to convince us that the district court erred in setting aside the default judgment.

## DECISION ON THE MERITS

[¶ 18] In Ms. Wolfe's third issue, she contends that the district court abused its discretion when it denied confirmation and enforcement of the Washington child support order. Wyo. Stat. Ann. § 20–4–179(b) states:

> If a party presents evidence establishing a full or partial defense under subsection (a) of this section, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the laws of this state.

The phrase "appropriate orders" and the word "may" indicate that the district court has discretion to determine the proper remedy based upon the evidence presented. *See Winterholler v. Zolessi,* 989 P.2d 621, 627 (Wyo.1999); *In re Est. of George,* 2003 WY 129, ¶ 10, 77 P.3d 1219, 1222 (Wyo.2003). We therefore review for abuse of discretion.

[¶ 19] Ms. Wolfe contends that the district court erred in failing to enter an order determining the proper amount of arrearages and interest after providing Mr. Largent with credit for all payments made. The Washington divorce decree provides:

> [T]he defendant [Mr. Largent] shall pay to the plaintiff for the support and maintenance of the children the sum of Twenty-five Dollars ($25.00) per month for each child until each of said children reaches the age of Twenty-one years, is married or becomes self-supporting, whichever event first occurs.

The decree also specifically names all eight children. The *Findings of Fact and Conclusions of Law,* filed with the divorce decree, provides the date of birth for each child. Given this information, determination of the

proper amount of arrearages and interest is a matter of mathematical computation.

[¶ 20] Mr. Largent, pursuant to Wyo. Stat. Ann. § 20–4–179(a), had the burden of proving a defense to enforcement of the support order. Mr. Largent did not contest the validity of the divorce decree. Instead, he asserted that the amount of arrearages and interest claimed by Ms. Wolfe was incorrect. The district court found that Mr. Largent had made support payments that had not been included in the arrearage calculation. Specifically, the court noted that Mr. Largent had made a payment of $500.00, and that $12,000.00 had been garnished from his social security benefits and applied to his support obligation. Rather than reduce the amount owed by Mr. Largent in light of the payments, however, the court determined that "the total support obligation requested [by Ms. Wolfe] is not a proper amount, [and] that the amount of interest requested to be included in the support obligation is not correct." The district court denied confirmation and enforcement of the Washington divorce decree in its entirety.

[¶ 21] In determining whether the district court abused its discretion, it is important to keep in mind that Mr. Largent never contested the validity of the support order. He also never claimed that he fully satisfied his support obligation. Mr. Largent merely contended that he did not owe the amount alleged by Ms. Wolfe. The question we are now confronted with is whether the district court's decision to deny confirmation and enforcement of the support order in its entirety was reasonable under the circumstances. We hold that it was not. The timing and amount of partial payments are relevant in determining arrearages and calculating interest, and Mr. Largent is entitled to credit for all support payments he has made. But partial payment is not a complete defense to confirmation and enforcement of a valid foreign support order. Mr. Largent is not entitled to an order denying enforcement in Wyoming of the original Washington divorce decree based upon a defense of partial payment. Accordingly, we conclude that the district court abused its discretion when it entered the order denying confirmation and

enforcement of the Washington divorce decree.

[¶ 22] In addition to credit for all support payments that have been made, the record suggests that Mr. Largent's child support obligation may be further reduced by other defenses not fully addressed or determined by the district court. Although Mr. Largent raised a statute of limitations defense, the district court explicitly declined to rule on that question because it was unnecessary given the court's denial of confirmation and enforcement of the decree. The record also suggests that at least one child may have married prior to her 21st birthday, thus terminating Mr. Largent's support obligation for that child on the date of the marriage. On remand, the district court must determine the proper amount of arrearages that are still owing. After deducting any amounts that cannot be collected due to the applicable statute of limitations, the district court must calculate the interest due on the remaining amount, and enter an appropriate order confirming and enforcing the Washington divorce decree.

[¶ 23] The order setting aside the default judgment is affirmed. We reverse the *Order Denying Motion for Confirmation and Enforcement of Child Support Order and Arrearages*, and remand for further proceedings consistent with this opinion.