# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 24

OCTOBER TERM, A.D. 2014

*February 19, 2015*

SHERRI LYNN LORAN,

**Appellant**
**(Plaintiff),**

**v.**                                                    S-14-0181

JUSTIN RAY LORAN,

**Appellee**
**(Defendant).**

*Appeal from the District Court of Park County*
*The Honorable Steven R. Cranfill, Judge*

*Representing Appellant:*
        Thomas P. Keegan of Keegan & Winslow, P.C., Cody, Wyoming

*Representing Appellee:*
        John P. Worrall of Worrall and Greear, P.C., Worland, Wyoming

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Sherri Lynn Loran (Mother) appeals the district court's denial of her motion for relief from an order on child custody, visitation and support.  The order awarded her primary custody, but granted Justin Loran (Father) liberal visitation and allowed him to pay joint presumptive support pursuant to Wyo. Stat. Ann. § 20-2-304(c).  Mother claims that the visitation awarded to Father is a de facto shared custody arrangement, and that the district court did not make the findings necessary to support such an arrangement or an award of joint support.

[¶2]    We affirm in part, reverse in part, and remand for further proceedings.

## ISSUES

[¶3]    1.    Did the district court abuse its discretion when it refused to set aside provisions of an order that expressly found shared custody inappropriate but nonetheless awarded Father liberal visitation resulting in the minor children spending 41.6% of the year with him in 2014?

2.    Did the district court abuse its discretion when it awarded joint presumptive child support without determining that both parents contribute substantially to the expenses of the children as required by Wyo. Stat. Ann. § 20-2-304(c)?

3.    Does the order awarding Father visitation contain a clerical mistake that the district court should have corrected if it had acted within the proper scope of its discretion?

## FACTS

[¶4]    The parties married in 2002, but after a decade in which they had four children together, Mother filed for divorce in 2012.  The district court held a divorce trial in October 2013, and promptly entered a divorce decree which dissolved the bonds of matrimony but reserved the issues of child custody, support, visitation, and division of marital property until a written decision could be entered.

[¶5]    In December 2013, the district court issued a decision letter which resolved all but one of the reserved issues, and shortly thereafter entered an order incorporating and implementing the rulings contained in the decision letter.  After a thorough review of the evidence and application of relevant factors, it awarded primary custody to Mother and rejected Father's request for shared custody, explaining that:

> The Court finds that shared custody is not an effective
> solution for this case.  The lack of effective communication

1

between the parties, as well as other factors, strongly weigh against it. The Court finds that [Mother] should have primary custody with reasonable visitation by the [Father].

[¶6]    Father was awarded liberal visitation, which allowed the children to stay with him all but the last weekend of each month, on every Wednesday night, during defined time periods on specific alternating holidays, and two weeks of uninterrupted summer vacation.

[¶7]    The court indicated in its decision letter that it was unable to calculate child support because Father had not submitted an updated financial affidavit as he had been ordered to do, and it directed him to file that affidavit so that the calculation could be made and another order awarding child support could be entered. When Father's counsel tallied the visitation up for purposes of making a support calculation, he determined that Father would have parenting time of 152 out of 365 days in 2014. By his calculation, this would be 41.6% of the year.

[¶8]    Consequently, Father's counsel wrote a letter to the district court explaining that his client would qualify to pay joint presumptive support pursuant to Wyo. Stat. Ann. § 20-2-304(c). Father would pay less support if he was entitled to joint presumptive support than if he was not and instead had to pay support based on the regular child support tables.

[¶9]    In January of 2014, Mother filed a motion seeking relief from the order awarding visitation under Wyoming Rules of Civil Procedure 60(a) and (b)(1). She argued that there must have been a mistake, clerical or otherwise, because the court made it very clear in its order that shared custody was not appropriate, but nonetheless awarded Father visitation of more than 40% in 2014. Mother argued that this was a de facto shared custody arrangement inconsistent with the finding.

[¶10]  After a hearing in March 2014, the district court denied Mother's Rule 60 motion. It issued a decision letter and an order on the matter (Rule 60 Order) as well as on child support, holding that no change to the order awarding visitation was necessary. That order states:

> 1. The [district court] wrote what it intended to be the visitation schedule in its . . . Decision Letter and will not change that schedule.
>
> 2. Child support is what it is and is a separate issue from the custody issue. It is clearly dictated by Statute.

3.  In the event that visitation would fall below 40% overnight in 2015, the parties may come to the [district court] for a recalculation at that time.

As to child support, the district court found that because Father would have overnight visits for 152 nights in 2014 (41.6% of the year), he would be required to pay joint presumptive support in the amount of $199.09 per month as provided in § 20-2-304(c).[1]

[¶11]  Mother timely perfected this appeal from the district court's order denying relief under Rule 60.

## DISCUSSION

### *Visitation Amounting to Shared Physical Custody*

[¶12]  Mother argues that the district court erred in denying her motion for relief under Rule 60(b)(1).  She continues to argue here, as she did in the district court, that despite expressly rejecting shared custody, the district court awarded Father de facto shared physical custody, which she contends must be a mistake.  We disagree.

[¶13]  Rule 60(b)(1) provides as follows:

> On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

W.R.C.P. 60(b)(1).

[¶14]  Trial courts are vested with discretion to grant or deny a motion for relief from an order or judgment under Rule 60(b)(1), and our review is limited to determining whether that discretion was abused.  *Largent v. Largent*, 2008 WY 106, ¶ 13, 192 P.3d 130, 134 (Wyo. 2008); *Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo. 1993).  An abuse of discretion occurs when the district court exceeds the bounds of reason or commits an error of law, with the ultimate standard being whether it could reasonably have concluded as it did.  *Largent*, ¶ 13, 192 P.3d at 135.  Mother bears the burden of showing that the

---

[1] We take this opportunity to observe that all issues in a divorce should be resolved in a single decree. There may be extraordinary circumstances, such as when a spouse is terminally ill, that might justify granting the divorce and sorting out other issues later, but those cases would be rare. Here the district court did not make determinations regarding child custody, visitation and support in the divorce decree, which required further orders that now create a procedurally complex situation for the parties and this Court. Granting a divorce without resolving all of the issues also makes compiling accurate statistical information impossible, because it creates a false impression that a case is finished when it is not.

district court abused its discretion and was clearly wrong in not granting relief under W.R.C.P. 60(b). Absent such a showing, the ruling denying relief will be upheld. *Id.*

[¶15] A district court has specific statutory authority to fashion a custody plan to "include any combination of joint, shared or sole custody" which it finds to be in the best interests of the children. Wyo. Stat. Ann. § 20-2-201(d) (LexisNexis 2013).[2] Unfortunately, the term "shared physical custody" is not defined under Title 20 of the Wyoming statutes, which governs domestic relations including child custody and visitation. In fact, Article 2 of Title 20, which applies to custody and visitation decisions, defines none of the terms in the section just cited.

[¶16] However, this Court has examined shared physical custody scenarios and has rendered decisions that provide helpful guidance. In *Buttle v. Buttle*, we reversed a district court that awarded shared physical custody, with each party having 50% of the time with the children. 2008 WY 135, ¶¶ 29-44, 196 P.3d 174, 181-84 (Wyo. 2008). In *JS v. MB*, we affirmed when the custody arrangement was challenged as a de facto award of shared physical custody despite the fact that the father had been awarded what the district court described as primary custody. 2010 WY 114, ¶¶ 6-18, 237 P.3d 974, 975-78 (Wyo. 2010). We noted that "[a]lthough Father does technically hold primary custody of the parties' child, the schedule set by the district court does amount to sharing the time of the child almost equally" by alternating weeks that the child spends with each parent. *Id.*, ¶ 8, 237 P.3d at 976. However, we determined that the district court's findings adequately supported its custody decision.

[¶17] More recently, in *Davidson v. Carrillo*, we concluded that the custody arrangement ordered by the district court did not result in de facto shared custody. 2014 WY 65, ¶ 8, 325 P.3d 444, 446 (Wyo. 2014). There the father argued that, despite awarding him primary custody, the district court abused its discretion by granting the mother liberal visitation amounting to shared physical custody. *Id.* We explained:

---

[2] Shared custody is not favored, and hence a district court is required to provide an explanation and place its findings on the record when it orders such a custody arrangement. We have explained:

> We have repeatedly said that divided or shared custody is not favored by this Court absent good reason therefore. We have explained that stability in a child's environment is of utmost importance to the child's well-being, while a measure of instability is inherent in joint custody arrangements. We have emphasized that the success of a joint or shared custody arrangement hinges on the extent to which the parents are able to communicate and agree on the matters relevant to the children's welfare.

*Testerman v. Testerman*, 2008 WY 112, ¶ 15, 193 P.3d 1141, 1145 (Wyo. 2008) (citations and quotation marks omitted).

Ultimately, the court concluded that "Continuing to reside with the Father while having liberal visitation with the Mother will allow the child to maintain and strengthen the relationship she has with both of her parents." Contrary to Father's claims, the district court did not order a "shared" or "divided" custody arrangement. Further, we are not persuaded by Father's argument that the district court's order resulted in *de facto* shared custody. Father does not provide any support either for his definition of "parenting time," or for the proposition that the concept of "parenting time" is used as a criterion for determining whether a custody arrangement results in "shared" or "divided" custody. In any event, under the district court's order, Mother and Father do not share equal physical custody of AD. Under the custody order, Mother has visitation with AD on three weekends per month, for approximately 48 hours, and on two weekdays per week. Mother's weekday visitation is approximately two-and-a-half hours. Based on the fact that Mother's visitation is limited to these specific times, we cannot conclude that the custody arrangement ordered by the district court results in *de facto* shared custody.

*Id.*, ¶ 9, 325 P.3d at 447-48 (footnotes omitted); *see Testerman*, ¶¶ 14-15, 193 P.3d at 1145 (contemplating whether shared physical custody amounts to substantial equal time between parents).[3]

[¶18] Consistent with these decisions, which have not been legislatively overruled, we conclude that shared physical custody means that the time allotted each parent must be

---

[3] *See also Zupan v. Zupan*, 2010 WY 59, ¶¶ 17-27, 230 P.3d 329, 334-37 (Wyo. 2010) (shared physical custody evenly split between parents; alternate residential custody of the children on an annual basis); *Roemmich v. Roemmich*, 2010 WY 115, ¶¶ 8-15, 238 P.3d 89, 92-94 (Wyo. 2010) (shared custody amounted to each parent having physical custody of the child equally for one week and visitation the following week); *Parris v. Parris*, 2009 WY 44, ¶¶ 16-21, 204 P.3d 298, 303-05 (Wyo. 2009) (reversing shared physical custody arrangement where time with the child was shared equally; that is, the child resided with each parent on alternating weeks); *Buttle*, ¶¶ 29-44, 196 P.3d at 181-84 (finding district court abused its discretion in entering a shared custody order giving each parent equal time with the child, meaning each parent would have custody 50% of the time); *Eickbush v. Eickbush*, 2007 WY 179, ¶¶ 10-17, 171 P.3d 509, 511-14 (Wyo. 2007) (court abused discretion by ordering a shared physical custody arrangement where each parent had equal time with child, alternating weekly); *In re KRA*, 2004 WY 18, 85 P.3d 432 (Wyo. 2004) (shared physical custody equated to each parent having child in alternating weeks); *Drake v. McCulloh*, 2002 WY 50, ¶¶ 7-22, 43 P.3d 578, 582-85 (Wyo. 2002) (shared custody of the child rotated equally on five-day schedule); *Reavis v. Reavis*, 955 P.2d 428, 432-34 (Wyo. 1998) (shared physical custody arrangement where each parent had equal time was not in the best interest of child).

approximately 50% in any given year. This view is consistent with other alternative custody arrangements and the overall design of Article 2, Title 20. *See, e.g., Testerman*, ¶ 13, 193 P.3d at 1145 ("Wyoming statutes do not define 'primary custody,' but we have suggested a meaning by saying that 'awarding custody to one parent fixes that parent as the primary nurturer of the child and the one with whom the child shall reside.'"). 41.6% is not the substantial equivalent of 50%. However, arrangements which involve more time may cross a line that is not yet clearly defined, and so district judges should carefully consider whether the parenting plans they contemplate award liberal visitation or whether they are in reality de facto shared custody arrangements.

[¶19] Mother contends that Article 3, Title 20, which governs child support, statutorily defines shared custody in § 20-2-304(c). As discussed more fully below, that statute provides for an award of joint presumptive child support when each parent keeps the children overnight more than 40% of the time, if both parents contribute substantially to the expenses of the children in addition to paying child support. She argues that the legislature, by adjusting child support downward when one parent spends 40% or more of the available time with the child, has defined shared physical custody.

[¶20] While child custody and support go hand-in-hand, *see Rose v. Rose*, 576 P.2d 458, 460 (Wyo. 1978), we are not convinced that the legislature intended the requirements for joint presumptive support to define shared physical custody.[4] *See Rodriguez v. Casey*, 2002 WY 111, ¶ 20, 50 P.3d 323, 329 (Wyo. 2002) ("[O]ur job is to give effect to the most likely, most reasonable, interpretation of the statute, given its design and purpose."). The legislature did not choose to link the statute referring to "shared physical custody" to that providing for joint presumptive child support, and did not change the statutory scheme after the cases cited above were decided.

[¶21] We therefore conclude that the child custody and visitation arrangement ordered by the district court did not result in de facto shared physical custody between Mother and Father. Accordingly, the district court did not abuse its discretion in denying this aspect of Mother's Rule 60(b)(1) motion.

### Requirements for Joint Presumptive Support under § 20-2-304(c)

[¶22] In her second issue, Mother contends, *inter alia*, that the district court erred by ordering joint presumptive child support without determining that both parties contribute substantially to the children's expenses as required by statute. She contends that Father

---

[4] We note that this Court has, perhaps inadvertently, used the term "shared physical custody" to refer to § 20-2-304(c) and its predecessor statutes regarding joint presumptive child support. *Jensen v. Milatzo-Jensen*, 2013 WY 27, ¶ 39, 297 P.3d 768, 780 (Wyo. 2013); *Fountain v. Mitros*, 968 P.2d 934, 935 (Wyo. 1998)*; Cranston v. Cranston*, 879 P.2d 345, 350 (Wyo. 1994). With this decision, we hope to clear up any confusion.

does not, and that the court had to consider and decide this issue because it was required to do so by statute. We agree. The joint presumptive support statute provides as follows:

> When each parent keeps the children overnight for more than forty percent (40%) of the year **and both parents contribute substantially to the expenses of the children in addition to the payment of child support**, a joint presumptive support obligation shall be determined by use of the tables.

Wyo. Stat. Ann. § 20-2-304(c) (emphasis added).

[¶23] We note that this is not truly a Rule 60(b) issue, because the district court did not order child support until it decided the Rule 60 motion. This is therefore a direct appeal of that issue. However, the standard of review is the same. *See Stevens v. Stevens*, 2014 WY 23, ¶ 8, 318 P.3d 802, 805 (Wyo. 2014) (child support issues reviewed for abuse of discretion).

[¶24] The record confirms that the district court's physical custody and visitation arrangement resulted in Father having the children overnight 152 times in 2014, which is 41.6% of the year. Mother had the children for 213 nights, which is 58.4% of the year. However, § 304(c) comes into play only if both parents contribute substantially to the children's expenses in addition to paying child support. *See Jensen*, ¶ 26, 297 P.3d at 776 (152 days out of year equates to more than 40%, thus falling into the parameters of § 304(c)). The record does not indicate that the district court considered, much less determined, whether the parties, and particularly Father, contributed substantially to the expenses of the children over and above the child support he is required to pay. Applying the usual abuse of discretion standard of review for child support issues, *see Stevens*, ¶ 8, 318 P.3d at 805, we find that the district court abused its discretion because it did not comply with the requirements of § 20-2-304(c), which was an error of law.

[¶25] The parties dispute whether the evidence does or does not support a conclusion that Father substantially contributes to the children's expenses, which is a question of fact requiring, *inter alia*, an evaluation of the credibility of the witnesses. Therefore, whether the evidence supports a determination that both parents contribute substantially to the expenses of the children in addition to paying child support is a decision the district court must initially make. *See Lee v. Lee*, 2013 WY 76, ¶¶ 12-16, 303 P.3d 1128, 1133-34 (Wyo. 2013) (examining the substantial contribution requirement of § 304(c)). We will therefore reverse the award of joint presumptive child support and remand for the district court to make that determination.

***Clerical Error***

[¶26] In her final issue, Mother urges us to find that the custody and visitation order contained a clerical error that the district court should have corrected pursuant to W.R.C.P. 60(a). Rule 60(a) provides as follows:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court.

W.R.C.P. 60(a).

[¶27] Our standard of review for a district court's decision under Rule 60(a) is firmly established:

> When reviewing a district court's application of Rule 60(a), this Court employs a two-part process. The first question we must answer is whether the correction or clarification of a judgment relates to a clerical mistake. If so, we then review the district court's order to ascertain whether it clarified or modified the original judgment. Both questions are questions of law, which we review *de novo*.

*Tafoya v. Tafoya*, 2013 WY 121, ¶ 7, 309 P.3d 1236, 1238 (Wyo. 2013) (citations and quotation marks omitted).

[¶28] Mother complains that the clerical error is a result of the district court not independently calculating how many nights Father would have visitation, and that it simply adopted his calculation that he would have the children 152 nights in 2014. She contends that Father does not have the children for more than 40% of the nights in any given year. She also asserts that the district court's "failure to take the nights awarded into account, while making a determination that shared custody was not appropriate, was a 'clerical error.'"

[¶29] Based upon our examination *supra, see* ¶ 24, the record does indeed confirm that Father would have had the children overnight for 41.6% in 2014. There was no mistake in that calculation, clerical or otherwise. The record is also clear that the district court intended to order the visitation it did, and that doing so cannot be considered a clerical error subject to correction. Consequently, we need not address the two questions posed

when reviewing a Rule 60(a) issue, and we can dispose of Mother's final contention without further analysis.

## CONCLUSION

[¶30] Shared physical custody is an arrangement in which a child spends substantially equal time with each parent in any given year. The amount of visitation awarded Father is not substantially equal to the time Mother will have the children, and it is not therefore de facto shared physical custody. The district court did not abuse its discretion in awarding Mother primary physical custody and awarding Father liberal visitation of 152 nights in 2014. Furthermore, the record confirms that the number of nights awarded to Father for overnight visitation in the order in question was what the district court intended, and that it was not a clerical mistake.

[¶31] Concerning child support, because Father and Mother each had the children overnight for more than 40% of the time in 2014, the district court abused its discretion in awarding joint presumptive support without making a determination that both parents contribute substantially to the expenses of the children in addition to paying child support, as required under § 20-2-304(c). If Father's overnight time with the children drops below the 40% threshold due to the school and holiday calendar in future years, the parties can ask the district court to revisit the issue. However, we observe that if a district court awards visitation that teeters on the brink of the "more than 40%" threshold from year to year, it should strongly consider a visitation schedule that does not force the parties to ask the Court to revisit the issue annually because of the expense involved.

[¶32] Affirmed in part, reversed in part, and remanded for further proceedings consistent with opinion.