# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 136

### OCTOBER TERM, A.D. 2015

### October 15, 2015

DEL BARTEL and DALE THURGOOD,

Appellants
(Plaintiffs),

v.

DAVID C. WEST, as BANKRUPTCY TRUSTEE
FOR DAVID N. FISHER; and CONSTANCE
"CONNIE" MILLET,

Appellees
(Defendants).

S-15-0036

*Appeal from the District Court of Lincoln County*
*The Honorable Dennis L. Sanderson, Judge*

*Representing Appellants:*
    *Pro se.*

*Representing Appellee, David C. West:*
    *Sheldon A. Smith, Sheldon A. Smith & Associates, Coalville, Utah.*

*Representing Appellee, Constance Millet:*
    *No appearance.*

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    Appellants, Del Bartel and Dale Thurgood, appeal the district court's denial of their motion to modify its previous order dismissing the case and its denial of their renewed motion for summary judgment. We will affirm. Further, finding no reasonable cause for this appeal, we will award attorneys' fees to Appellee.

## *ISSUE*

[¶2]    Although Appellants raise eight or more issues in their brief, we conclude that there is a single dispositive issue:  Did the district court abuse its discretion in denying Appellants' motions for relief pursuant to W.R.C.P. 60(b)?

## *FACTS*

[¶3]    On December 17, 2009, Appellants and the company they own, High Desert, LLC, filed suit against David Fisher, Constance Millet, and Rocky Mountain Title Insurance Agency of Lincoln County, alleging breach of contract, intentional and negligent misrepresentation, fraud, and other claims arising from an unfulfilled real estate purchase agreement. Appellants alleged that High Desert was the seller of the real estate subject to the agreement, that Mr. Fisher and Ms. Millet were the buyers, and that the buyers had placed $25,000 in escrow with Rocky Mountain Title as earnest money.

[¶4]    On January 29, 2010, Mr. Fisher filed an answer and counterclaim against Appellants and their company. Appellants suggest that Ms. Millet did not file an answer or otherwise appear, and a default was entered against her. There is nothing in the record on appeal to verify this suggestion. It also appears that Rocky Mountain Title was dismissed from the case after the money it held in escrow was turned over to the court. Again, the record does not verify this information.

[¶5]    The record provided to this Court also does not indicate what occurred in this litigation, if anything, in the three years after Mr. Fisher filed his answer. However, on June 5, 2013, Mr. Fisher filed for Chapter 7 Bankruptcy. He filed a notice informing the district court of his bankruptcy status, and mailed copies of this notice to Appellants. On November 7, 2013, Appellants filed an adversary proceeding in the bankruptcy case, requesting a determination that their claims against Mr. Fisher were not dischargeable in bankruptcy.

[¶6]    The district court held a hearing on this matter on August 26, 2014. The scanty record designated by Appellants does not contain any of the pleadings giving rise to this

hearing, but the district court's written order suggests that the hearing involved Appellants' Motion to Strike pursuant to W.R.C.P. 12(f)[1] and Mr. Fisher's request to appear *pro se*. The more significant aspect of the district court's order is the judge's handwritten note, which states, "This action is dismissed because there is a stay in Bankruptcy and the matter is being resolved there." Appellants did not appeal the district court's decision to dismiss their claims.

[¶7]   The bankruptcy court held a hearing on September 4, 2014, and ruled that Appellants' claims against Mr. Fisher were dischargeable in bankruptcy. In its oral ruling, the bankruptcy court provided some guidance to Appellants:

> [The applicable rule] provides, quote, "Individuals may represent themselves in court. No corporation, association, partnership or other artificial entity may appear *pro se*, but must be represented by an attorney who is admitted to practice in this court," end quote. . . .
>
> There is the *Rowland v. California* case from the Supreme Court that has held that a corporation may appear in federal courts only through licensed counsel. . . .
>
> Accordingly, High Desert may not, after today, proceed without obtaining representation. Moreover, Messrs. Bartel and Thurgood do not have standing to assert High Desert's rights. . . .
>
> It appears to me that the parties are concerned about really going forward in Wyoming. . . . But if [they] want to go forward in that Wyoming case, the proper way to do it is either get the trustee to [defend] it or come in here and get a lift of stay so you can go forward. . . . A lift of stay would allow the parties to go forward in Wyoming as if the bankruptcy doesn't exist. . . . So I'm not telling you what to do, Messrs. Bartel or Thurgood, but I'm suggesting an avenue you may want to evaluate and consider.

[¶8]   Appellants did not seek a lift of the bankruptcy stay, but they did continue their efforts to litigate the case in the district court. On October 9, 2014, acting *pro se*, they

---

[1] Although the district court granted the Motion to Strike, there is no indication of what document or documents were stricken.

filed a "Motion and Memorandum to Modify Part of the Court's Order on Hearing and Dismissing the Action, Based upon the Federal Bankruptcy Court's Findings of Fact and Conclusions of Law at Hearing on September 4, 2014." They also filed a "Renewed Motion and Memorandum for Summary Judgment." The district court denied both motions on December 18, 2014, and observed in the written order that "[t]his matter was dismissed by this Court's Order . . . filed herein on September 5, 2014. It was a final Order."

[¶9] Appellants filed this appeal, naming Mr. Fisher and Ms. Millet as Appellees. Ms. Millet has made no appearance. David C. West, the bankruptcy trustee for Mr. Fisher, filed a motion to substitute the trustee in place of Mr. Fisher. Citing 11 U.S.C. § 541(a)(1), Mr. West pointed out that when Mr. Fisher filed for bankruptcy, all of Mr. Fisher's assets became property of the bankruptcy estate. Thus, Mr. West asserted the bankruptcy trustee, and not Mr. Fisher, is the real party in interest to this appeal. We granted the motion and substituted Mr. West, the Chapter 7 trustee of Mr. Fisher's bankruptcy estate, as Appellee in this appeal.

## DISCUSSION

[¶10] At the outset, we take note of what is not involved in this appeal. The district court dismissed Appellants' claims on September 5, 2014. Appellants did not file a notice of appeal within thirty days of the entry of the dismissal order, as required by W.R.A.P. 2.01(a). Accordingly, the district court's order dismissing Appellants' claims is a final order, and is not at issue in this appeal.

[¶11] Appellants filed their "Motion and Memorandum to Modify Part of the Court's Order on Hearing and Dismissing the Action, Based upon the Federal Bankruptcy Court's Findings of Fact and Conclusions of Law at Hearing on September 4, 2014" as a motion for relief from the dismissal order pursuant to W.R.C.P. 60(b). Appellants' "Renewed Motion and Memorandum for Summary Judgment" is more difficult to characterize. Although the word "Renewed" in the title suggests that there was a previous motion for summary judgment, no such pleading appears in the record provided to this Court. In any event, it seems appropriate to treat Appellants' renewed motion as another motion for relief pursuant to W.R.C.P. 60(b).

[¶12] Accordingly, we review the district court's decisions on the two motions for abuse of discretion. "Trial courts are vested with discretion to grant or deny a motion for relief from an order or judgment . . . and our review is limited to determining whether that discretion was abused." *Loran v. Loran*, 2015 WY 24, ¶ 14, 343 P.3d 400, 403 (Wyo. 2015). "An abuse of discretion occurs where the district court could not reasonably have concluded as it did." *Drury v. State*, 2008 WY 130, ¶ 8, 194 P.3d 1017, 1019 (Wyo. 2008) (citing *Thomas v. State*, 2006 WY 34, ¶ 10, 131 P.3d 348, 352 (Wyo. 2006)).

3

[¶13]  The argument made in Appellants' motion to modify is less than clear, but seems to be based on Appellants' assertion that the bankruptcy court ruled that Mr. Fisher was not a party to the disputed real estate purchase contract.  On that basis, Appellants claimed that they were entitled to the $25,000 earnest deposit.  The renewed motion for summary judgment is based on similar grounds.

[¶14]  The district court did not act unreasonably in denying these motions.  Pursuant to W.R.C.P. 60(b)(1), Appellants may be relieved of the order dismissing their claims by showing "mistake, inadvertence, surprise, or excusable neglect."  They made no such showing.  They also failed to demonstrate newly discovered evidence as required under W.R.C.P. 60(b)(2), fraud as required under W.R.C.P. 60(b)(3), a void judgment as required under W.R.C.P. 60(b)(4), a satisfied judgment as required under W.R.C.P. 60(b)(5), or any other reason justifying relief as required under W.R.C.P. 60(b)(6).  Because Appellants provided no proper basis for their motions, the district court did not abuse its discretion in denying them.  The district court's decision must be affirmed.

[¶15]  The bankruptcy trustee asserts that there was no reasonable cause for this appeal.  He asks us, pursuant to W.R.A.P. 10.05(b), to award a reasonable amount for attorneys' fees and damages.  For three main reasons, we agree that there was no reasonable cause for this appeal.

[¶16]  First, Appellants' motions were aimed at the wrong party.  Their claims against Mr. Fisher are no longer valid claims.  To the extent their claims reflect a debt formerly owed by Mr. Fisher, he was discharged from bankruptcy on September 26, 2013, and pursuant to 11 U.S.C. § 524, is no longer liable for this debt.  To the extent Appellants' claims reflect an asset formerly owned by Mr. Fisher, when he filed for bankruptcy, pursuant to 11 U.S.C. § 541(a)(1), all of his assets became property of the bankruptcy estate.  Thus, as the bankruptcy judge informed them, Appellants could proceed only against the bankruptcy trustee.

[¶17]  Second, we note that the district court dismissed Appellants' claims with the expressed understanding that they would be resolved in bankruptcy court.  The record indicates that Appellants attempted to have their claims declared nondischargeable.  Beyond that, however, the record reflects that Appellants made no effort to resolve these claims in bankruptcy court.  They also did not seek a lift of stay that would have allowed them to pursue the litigation in the district court.  Ignoring the bankruptcy court's sound guidance, Appellants have persisted in their efforts to pursue their claims against the wrong party in the wrong court.

[¶18]  Third, Appellants may lack standing to bring this appeal.  Appellants' complaint in this matter indicates that the real estate purchase agreement at issue here was with their company, High Desert, LLC, and that High Desert owned the real estate subject to the agreement.  There is nothing in the record to indicate that Appellants, in their personal

4

capacities, were party to the real estate purchase agreement or owned the underlying real property. The bankruptcy court told Appellants that High Desert could appear in court only through counsel, and that Appellants in their personal capacity lacked standing to pursue High Desert's claims. Nevertheless, High Desert is not a party to this appeal, and it appears that Appellants are making a *pro se* effort to pursue High Desert's claims in their personal capacities. The record before us does not demonstrate that Appellants have standing to pursue this appeal.

[¶19] In conclusion, we affirm the district court's decision to deny Appellants' post-dismissal motions. Further, we certify that there was no reasonable cause for this appeal and, pursuant to W.R.A.P. 10.05(b), award a reasonable amount for attorneys' fees. Mr. West will submit a statement of attorneys' fees and costs to this Court for our review so that an appropriate award can be ordered.