[Cite as *Al-Bermani v. Fadul*, 2021-Ohio-2260.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DANIA AL-BERMANI,                          :

     Petitioner-Appellee/
     Cross-Appellant                      :

                                No. 109760

v.                                          :

RAFID A.H. FADUL,                          :

     Respondent-Appellant/
     Cross-Appellee.                      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 1, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-18-373472

---

### *Appearances:*

Cavitch, Familo & Durkin, Co., and Roger L. Kleinman, *for appellee.*

Kristen A. Crane, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Respondent-appellant Rafid A.H. Fadul  ("Fadul") challenges the trial court's judgment entry granting petitioner-appellee Dania Al-Bermani's ("Al-Bermani") amended petition to register foreign support order and confirmation

of a child support order from the state of Virginia and declining to vacate such registration. Al-Bermani filed a cross-appeal arguing that the trial court erred by failing to award statutory interest and precluding her from presenting evidence of fraud. After a thorough review of the law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This matter originated in the Circuit Court of Fairfax County, Virginia, where Al-Bermani and Fadul were divorced in 2011. Pursuant to the divorce decree, Fadul was to pay to Al-Bermani child support in the amount of $1,196 per month from January 2011 through June 2011. The divorce decree further provided that Fadul was to pay Al-Bermani spousal support in the amount of $3,000 per month for six months from January 1, 2011 until June 30, 2011.

{¶ 3} The award of spousal support was to terminate before the end of the six-month period if one of several conditions occurred, including Al-Bermani obtaining full-time employment. On March 1, 2011, Al-Bermani did obtain full-time employment. As a result, the spousal support obligation terminated, and the parties modified the child support obligation pursuant to an "Agreed Order Modifying Child Support" on May 16, 2011. Under this subsequent order, Fadul was to pay to Al-Bermani child support in the amount of $2,186, commencing March 1, 2011.

{¶ 4} The divorce decree contemplated a future change in employment for Fadul and provided that on June 29, 2011, the parties were to readdress and

recalculate child support to determine the appropriate amount commencing July 1, 2011, and continuing thereafter.

{¶ 5} Fadul claims that on June 28, 2011, the parties reached an extrajudicial agreement that modified the child support amount to $917 per month, and Fadul began paying this amount beginning on July 1, 2011, and continuing through the proceedings below. Al-Bermani denies that any such agreement was reached, but does not dispute that Fadul made the monthly $917 payments. The prior order requiring $2,186 monthly payments was never modified. Fadul filed a motion to modify child support with the Virginia court on June 28, 2011, but it does not appear that such motion was ever ruled upon.

{¶ 6} On September 5, 2018, Al-Bermani filed a petition to register a foreign support order and later an amended petition to register a foreign support order with the Cuyahoga County Domestic Relations Court. The amended petition requested registration and confirmation of the "Agreed Order Modifying Child Support" of May 16, 2011 ("Virginia support order") for the purpose of enforcing and modifying the order's support determination. Accompanying the amended petition was an affidavit of Al-Bermani that stated the amount of arrearage owed by Fadul. Fadul filed a request for hearing to contest registration of the foreign support order.

{¶ 7} The trial court held a full hearing over two dates in order to determine whether registration was appropriate and if the amount of arrearage alleged in Al-Bermani's amended petition was correct.

{¶ 8} The magistrate issued a decision granting Fadul's motion to request hearing and further granting Al-Bermani's amended petition to register the foreign support order and for confirmation of the Virginia support order. The magistrate found that the Virginia support order had not been vacated, suspended, or modified by a later order and determined that the proper amount of arrearage was $109,134, which was the amount alleged by Al-Bermani.

{¶ 9} Fadul and Al-Bermani each filed objections to the magistrate's decision. Fadul asserted that (1) the registration of the Virginia support order should have been vacated because of the parties' extrajudicial agreement; (2) he had made full payment of the Virginia support order; and (3) Al-Bermani was estopped from registering the Virginia support order.

{¶ 10} Al-Bermani objected to the magistrate's decision on the grounds that the magistrate failed to award interest on the arrearage, failed to calculate the arrearage through the date of her decision, failed to reduce the arrearage to judgment, and improperly prohibited Al-Bermani from introducing evidence of fraudulent misrepresentation by Fadul.

{¶ 11} The court overruled all of the objections and adopted the magistrate's decision in full. The court further ordered that the registration of the support order was confirmed under R.C. 3115.607(C).

{¶ 12} Fadul then filed the instant appeal, raising two assignments of error for our review:

1. The trial court erred by failing to vacate registration of the May 16, 2011 Agreed Order Modifying Child Support because there was a subsequent extra-judicial agreement for child support in the amount of $917.00 per month effective July 1, 2011, which was not only contemplated by the terms of the parties' Final Decree of Divorce, but was also implemented by the parties and has been paid in full by Fadul to Al-Bermani.

2. The trial court erred in failing to vacate registration of the May 16, 2011 Agreed Order Modifying Child Support based upon the parties' stipulation that payments had been made — thereby depriving the trial court of jurisdiction.

{¶ 13} Al-Bermani cross-appealed, assigning two issues for our review:

1. The trial court erred as a matter of law in failing to award Al-Bermani statutory interest on the arrearage, as required by the foreign support order.

2. The trial court erred in prohibiting Al-Bermani from introducing evidence of Fadul's fraudulent misrepresentations of his income.

## II. Law and Discussion

{¶ 14} Ohio has enacted the Uniform Interstate Family Support Act ("UIFSA"), which provides jurisdictional rules designed to ensure that only one state or country at a time has jurisdiction to address child support, including the modification of an order of another state or country. The UIFSA sets forth registration procedures for the enforcement of the support order of one state in another. *See* R.C. Chapter 3115.

{¶ 15} R.C. 3115.601 provides that a support order issued in another state or a foreign support order may be registered in this state for enforcement. The process for such registration is set forth in R.C. 3115.602. Under the statute and Rule 31(D)(1) of the Local Rules of the Cuyahoga County Domestic Relations Court, the

filing of the petition and required documents constitutes registration of the foreign support order. There is no dispute that Al-Bermani followed the proper steps for registration.

{¶ 16} A party may seek to have registration of a foreign "support order" vacated by proving one of eight defenses under R.C. 3115.607(A):

(1) The issuing tribunal lacked personal jurisdiction over the contesting party.

(2) The order was obtained by fraud.

(3) The order has been vacated, suspended, or modified by a later order.

(4) The issuing tribunal has stayed the order pending appeal.

(5) There is a defense under the law of this state to the remedy sought.

(6) Full or partial payment has been made.

(7) The statute of limitation under section 3115.604 of the Revised Code precludes enforcement of some or all of the alleged arrearages.

(8) The alleged controlling order is not the controlling order.

{¶ 17} In his first assignment of error, Fadul argues that the trial court erred in declining to vacate the registration because he had paid in full pursuant to the terms of the extrajudicial agreement. Fadul contends that the parties entered into an extrajudicial agreement wherein the child support amount was modified to $917 per month. Al-Bermani disputes that there was such an agreement, but acknowledges that Fadul did pay this amount.

{¶ 18} The Virginia support order specifically states that it will continue "until further order of the Court." Fadul presented no evidence to demonstrate that there was a subsequent order modifying the Virginia support order. While Fadul did file a motion to modify child support in Virginia, his motion was never served upon Al-Bermani nor was it adjudicated by the Virginia court. We agree with the trial court that any extrajudicial agreement by itself would not constitute an order of the court. Accordingly, the Virginia support order remained in effect, and Fadul failed to establish that he made full payment of that order. The trial court properly declined to vacate the registration of the Virginia support order on these grounds, and Fadul's first assignment of error is overruled.

{¶ 19} While we have determined that Fadul did not make payment in full under the Virginia support order, his second assignment of error argues that the trial court also should have vacated the registration under R.C. 3115.607(A)(6) because he has made *partial* payment. Fadul argues that the registration of the Virginia support order should have been vacated based upon his monthly payments of $917, which he argues constituted partial payment of the ordered $2,186.

{¶ 20} We are not persuaded by Fadul's proposed application of the statute to an ongoing support order. The $917 payments equate to only 42 percent of the payment required under the Virginia support order. As the trial court noted, accepting Fadul's position would mean that any party could avoid the registration of a foreign support order simply by paying any amount, no matter how small. If we were to adopt Fadul's interpretation of the statute, parties who move to Ohio from

another state who are subject to an ongoing support order would never be able to register such order for enforcement or modification as long as the obligor had made *any payments* under the order. Following Fadul's position to its logical conclusion, a foreign support order could be registered only in circumstances where the obligor has made absolutely zero payments. This would negate the very purpose of the UIFSA.

{¶ 21} There is very little authority interpreting the defense of partial payment, even beyond the state of Ohio. However, we note that other courts have declined to apply the defense in the manner that Fadul advocates. *See, e.g., Largent v. Largent*, 2008 WY 106, 192 P.3d 130 (2008) (finding that partial payment is not a complete defense to confirmation and enforcement of a valid foreign support order, but noting that the obligor was entitled to credit for the payments made); *Aldrich v. Aldrich*, Minn.App. No. C8-99-1765, 2000 Minn. App. LEXIS 653 (June 23, 2000) (Because the evidence did not demonstrate that the obligor's entire obligation was satisfied, it was held to be insufficient to preclude enforcement of the foreign decree.).

{¶ 22} We cannot find that the trial court abused its discretion in determining that Fadul had not demonstrated the defense of full or partial payment simply by paying a portion of the required monthly child support payments. The trial court was not deprived of jurisdiction and properly declined to vacate the registration. Fadul's second assignment of error is overruled.

{¶ 23} We now turn to Al-Bermani's cross-appeal. In her first assignment of error, she argues that the trial court erred in failing to award statutory interest on the arrearage, as required by the Virginia support order.

{¶ 24} The trial court determined that Al-Bermani's argument regarding interest also related to enforcement or modification of the order, rather than registration. It stated that the proceedings before it dealt solely with registration and that Al-Bermani could raise arguments related to enforcement or modification *after* the order was registered.

{¶ 25} As noted by the trial court, these arguments are relevant to the enforcement or modification of the registered order, which was not yet before the court. The proceedings in the trial court simply involved the registration and confirmation of the order. Accordingly, any issues relating to enforcement and modification of the Virginia support order have not been addressed by the trial court and are therefore not properly before us. Al-Bermani's first assignment of error is overruled.

{¶ 26} Al-Bermani's second assignment of error argues that the trial court erred by refusing to allow her to introduce evidence to demonstrate that Fadul fraudulently misrepresented his income. Al-Bermani acknowledges that this argument becomes relevant only if this court were to find that there was an extrajudicial agreement between the parties. As we have noted that issues relating to the existence of an extrajudicial agreement and enforcement or modification of the support order are not before us, this assignment of error is overruled.

### III. Conclusion

**{¶ 27}** The trial court did not err in declining to vacate registration of the Virginia order because Fadul failed to establish that he made full payment of the order, and the defense of partial payment does not apply to an ongoing support order. The remaining issues raised by the parties involve enforcement or modification of the Virginia order, which has not yet been addressed by the trial court. Accordingly, both Fadul's and Al-Bermani's assignments of error are overruled, and the judgment of the trial court is affirmed.

**{¶ 28}** Judgment affirmed.

It is ordered that costs shall be evenly split between the parties.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

LARRY A. JONES, SR., P.J., and
LISA B. FORBES, J., CONCUR