2002 WY 81

**Dawn WELCH and Connie Harn, Appellants (Plaintiffs),**

v.

**HAT SIX HOMES, a Wyoming corporation, Jim Jerett and Maralyne Middour, individually, Appellees (Defendants).**

**Hat Six Homes, a Wyoming corporation, Jim Jerett and Maralyne Middour, individually, Appellants (Defendants),**

v.

**Dawn Welch, Appellee (Plaintiff).**

Nos. 00–209, 00–210.

Supreme Court of Wyoming.

May 28, 2002.

Phillip T. Willoughby and Cameron S. Walker, Casper, Wyoming, Representing Dawn M. Welch and Connie Harn. Argument by Mr. Walker.

Les Bowron and Frank Chapman of Beech Street Law Office, Casper, Wyoming, Representing Hat Six Homes, Inc., and James W. Jerrett and Maralyne S. Middour. Argument by Mr. Chapman.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] These two consolidated appeals arise from an award of attorney's fees and costs. In appeal number 00–209, Appellants Dawn Welch and Connie Harn appeal a court award of attorney's fees against them and their attorney. In appeal number 00–210, Appellants Hat Six Homes, Jim Jerett and Maralyne Middour appeal the amount of the attorney's fees awarded, complaining that the amount is insufficient. Finding the district court abused its discretion in awarding attorney's fees under the circumstances, we reverse. Appeal number 00–210 is dismissed as moot.

## ISSUES

[¶ 2] In appeal number 00–209, Appellants Welch and Harn present the following issues:

1. Did the trial court err as a matter of law awarding attorney's fees and costs against Plaintiffs' counsel under Count One of Plaintiffs' Complaint, Sexual Discrimination, under 42 U.S.C. § 2000(e)?

2. Did the trial court abuse its discretion as a matter of public policy and under the facts of this case by awarding attorney's fees against the Plaintiffs under Count One of Plaintiffs' Complaint, Sexual Discrimination, under 42 U.S.C. § 2000(e) and its subsections?

3. The trial court erred as a matter of law deciding issues concerning 42 U.S.C. § 2000(e) and its subsections without determining if Defendants were "prevailing parties" and that any such determination under the facts of this case would be contrary to law.

4. Did the trial court err as a matter of law imposing sanctions as a violation of W.R.C.P. Rule 11(b) against Plaintiffs and Plaintiffs' counsel as a result of pleading as Count One of their Complaint, Sexual Discrimination under 42 U.S.C. § 2000(e) based on Plaintiffs' reasonable belief as to the number of employed persons of the Defendant?

5. Did the trial court err as a matter of law finding the Plaintiffs' claim of intentional infliction of emotional distress was pled in violation of W.R.C.P. Rule 11(b) because Plaintiffs had not sought treatment for distress and an award of attorney's fees was appropriate as a sanction?

6. Did the trial court err awarding Rule 11 sanctions against Plaintiffs if any counts of a multiple count complaint survived summary judgment and the surviving counts, prior to trial, were voluntarily dismissed by Plaintiffs?

Appellees rephrase the issues as:

1. May Plaintiffs raise for the first time on appeal the issue of possible error by the District Court regarding the District Court's award of attorney's fees and costs under Title VII against Plaintiffs' counsel?

2. Did the District Court commit reversible error by finding that Defendants were the prevailing parties?

3. Did the District Court commit reversible error in its award to Defendants of part of their attorney's fees and costs as a sanction under W.R.C.P. 11 as to Count I?

4. Did the District Court commit reversible error in its award to Defendants of part of their attorney's fees and costs as a sanction under W.R.C.P. 11 as to Count V?

5. Did the District Court commit reversible error in awarding attorney's fees and costs under Rule 11 in light of Plaintiffs' voluntary dismissal of the rest of their baseless complaint?

[¶ 3] In appeal number 00–210, Appellants' single issue is: "Did the District Court commit reversible error by abusing it's [sic] discretion in denying Defendants a complete award of their attorney's fees under Title VII and a more appropriate sanction pursuant to W.R.C.P. 11?" Only Appellee Welch filed a brief in answer to Appellants and substantially agreed with the statement of the issue.

## FACTS

[¶ 4] Dawn Welch and Connie Harn worked for Hat Six Homes. Jim Jerett and Maralyne Middour are officers and employees of Hat Six Homes. Among other complaints, Welch and Harn both alleged that Jerett was guilty of continuing instances of sexual harassment in the workplace. Welch filed an affidavit in the case below in which she alleged that, although she continuously protested against such conduct, Jerett would repeatedly put "his hands on the back of my neck, down the back of my shirt or sweater, up the back of my shirt or sweater, under my arms from behind, often times extending his hands to the front and touching my breasts." Based upon this conduct, Welch and Harn, through their attorney Phillip T. Willoughby, in December 1997 filed a multiple-count complaint against Hat Six Homes, Jerett and Middour (hereinafter collectively "Hat Six"), alleging various claims for relief.

[¶ 5] Of importance to the instant appeal are two particular counts of the complaint. One count alleged a violation of Title VII of the Civil Rights Act of 1964. Another count alleged intentional infliction of emotional distress. Hat Six moved for summary judgment on all counts. Although some counts survived the motion for summary judgment, in March 1999 summary judgment was granted to Hat Six on the above-described two counts.

[¶ 6] With regard to the alleged Title VII violation, Title VII only applies to employers who employ a minimum number of employees. Hat Six originally averred that Welch and Harn were independent contractors and not employees. In support of its motion for summary judgment, Hat Six submitted an affidavit stating that it never employed the requisite number of employees during the applicable time period. At the hearing on the motion for summary judgment, Welch and Harn conceded that Hat Six did not have the requisite number of employees during the applicable time period, and summary judgment was entered against them on Title VII on this ground. With regard to the claim for intentional infliction of emotional distress, the district court granted summary judgment on the grounds that the alleged conduct was not outrageous enough to be actionable and that any alleged distress suffered was not sufficiently severe.[1]

---

1. Although the issue is not before us, we recently     addressed the proper analysis of intentional in-

[¶ 7] Welch and Harn have not appealed the grant of summary judgment on any count. Ultimately, Welch and Harn determined that they did not wish to continue with the litigation and moved for a voluntary dismissal. A voluntary dismissal with prejudice was granted in December 1999, with the court specifically reserving the issue of the grant of attorney's fees and costs.

[¶ 8] In February 2000, Hat Six moved for attorney's fees and costs pursuant to provisions in Title VII and separately moved for sanctions pursuant to W.R.C.P. 11. For the count alleging a violation of Title VII, the district court awarded a total of $1,000. The district court awarded the amount both as attorney's fees under Title VII and also as a sanction under Rule 11. Pursuant to Rule 11, the district court made the amount payable by Welch and Harn and by their attorney, Willoughby. The court specifically found that the suit was meritless because Hat Six did not employ the requisite number of employees and that Willoughby failed to make a reasonable inquiry into the number of employees before filing the complaint.

[¶ 9] The district court also awarded $500 as sanctions pursuant to Rule 11 for the count for intentional infliction of emotional distress. Neither plaintiff had sought treatment for severe emotional distress in this case. The district court considered seeking treatment for severe distress to be a prerequisite to filing a claim for intentional infliction of emotional distress and reasoned that Willoughby should have known he could not meet this prerequisite and should not have filed the claim. Welch and Harn timely appealed the award of attorney's fees,[2] and Hat Six timely appealed the amount awarded.

## STANDARD OF REVIEW

[¶ 10] We apply an abuse of discretion standard in reviewing an award of sanctions. *Bender v. Phillips*, 8 P.3d 1074, 1077 (Wyo.2000) (citing *Meyer v. Mulligan*, 889 P.2d 509, 517 (Wyo.1995)). We also review the grant of attorney's fees under Title

VII under an abuse of discretion standard. *Metz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482 (10th Cir.1994) ("We will not reverse a district court's award of fees to a prevailing party unless the award represents an abuse of discretion."); *see also Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1355 (10th Cir.1992); *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, 899 F.2d 951, 980 (10th Cir.), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990).

## DISCUSSION

[¶ 11] As their initial issue, Appellants Welch and Harn question the propriety of the award of attorney's fees against their attorney, Willoughby. The specific issue of the award of attorney's fees against Willoughby, however, is not properly before this Court. As this appeal is presented to this Court, it is abundantly clear that the only appealing parties are Welch and Harn. The notice of appeal in this case clearly designates the appellants as Welch and Harn and appeals the "Order Awarding Attorney's Fees and Costs," an order which applies to them. The notice gives no indication that Willoughby is appealing. In fact, the language of the briefs makes it clear that Willoughby is not appealing; rather, only Welch and Harn are appealing. The appellants' brief is specifically submitted in the names of Welch and Harn. Further, the answer brief for the cross-appeal is in the name of Welch only and refers to the appellants' brief in appeal number 00–209 as the "Welch Harn" brief.

[¶ 12] The problem this creates is that Welch and Harn, the appellants in appeal number 00–209, do not have standing to appeal an award of attorney's fees against Willoughby. Clients do not have standing to appeal the award of attorney's fees against their attorney. *Laurino v. Tate*, 220 F.3d 1213, 1218 (10th Cir.2000); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th

---

fliction of emotional distress claims in the context of summary judgments in *Bevan v. Fix*, 2002 WY 43, 42 P.3d 1013 (Wyo.2002).

2. The district court also awarded costs against appellants pursuant to W.R.C.P. 54(d)(1). The award of costs was not raised as an issue in appellants' brief so is not subject to this appeal.

Cir.1998). Clients simply do not possess the requisite interest, pecuniary or otherwise, to support standing. *Estate of Bishop v. Bechtel Power Corp.*, 905 F.2d 1272, 1276 (9th Cir.1990) ("Because a party can hardly be expected to shoulder the financial burden of sanctions entered against its attorney, it lacks the requisite interest for standing to appeal.")

■ [¶ 13] It is the attorney's interest that is at stake, and it is the attorney that should bring the appeal in his own name. An appeal is begun by the filing of a notice of appeal. W.R.A.P. 2.07(a)(1) states that the party or parties taking the appeal must be specified in the notice of appeal. Thus, if an attorney wishes to appeal the award of sanctions against him, the attorney must file a notice of appeal in his own name. Willoughby never filed a notice of appeal in his name. W.R.A.P. 1.03 states "[t]he timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional." Simply put, because Willoughby never appealed the award of sanctions against him, this Court lacks jurisdiction to hear and decide the issue.

[¶ 14] In the recent appeal involving the award of sanctions against an attorney, *Caldwell v. Cummings*, 2001 WY 106, 33 P.3d 1138 (Wyo.2001), this Court, on its own motion, substituted appellants. Originally, the client, who we recognized as having no appealable interest, brought the appeal. This Court decided that it was appropriate to substitute appellants in *Caldwell* because the appeal was from an order imposing sanctions against the attorney only. *Id.* at n. 1. Because the award was against the attorney only, it was obvious that.the attorney was the only person who could bring the appeal. Thus, it was objectively clear that the attorney intended to take the appeal. *See Laurino*, 220 F.3d at 1218 ("The notice of appeal here specifically purports to appeal, among other things, from an order ... that *only* concerns the sanctions entered against [the attorney]. Designation of this order provides sufficient evidence, by implication, of [the attorney's] intention to take an appeal from the order of sanctions." (emphasis in original)).

[¶ 15] In *Caldwell,* then, because it was objectively apparent from the face of the notice of appeal that the attorney was the proper party to the appeal, we allowed the appeal to be maintained in the name of the attorney. This appeal does not invoke the same leniency. Here, it is obvious that Willoughby did not intend to appeal. As the United States Supreme Court stated in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315–16, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988), "[p]ermitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold." In *Torres,* the Court made it clear that the party taking the appeal must be identifiable from the notice of appeal in order to invoke the appellate court's jurisdiction. As the Court reasoned:

[p]ermitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time for filing a notice of appeal. Because the Rules do not grant courts the latter power, we hold that the Rules likewise withhold the former.

*Id.* at 315, 108 S.Ct. at 2408.

[¶ 16] Looking at the notice of appeal in this action, there is no way of telling that Willoughby intended to take an appeal from the order of sanctions as it applied to him. In fact, the notice and the briefs filed in this action clearly evidence that Willoughby never intended to be, and in fact is not, a party to this appeal. Willoughby has not invoked the jurisdiction of this Court. Having no jurisdiction over Willoughby, we have no jurisdiction over matters that concern only Willoughby, and we thus decline to address the first issue.

■ [¶ 17] Although we have determined that we lack jurisdiction to review the order as it relates to awarding . attorney's fees against Willoughby, this determination does not end the discussion. The order appealed from awards sanctions against both the appellants and Willoughby. The general rule is that a non-appealing party will not benefit from a judgment in favor of an appealing party. 5 C.J.S. *Appeal and Error* § 930

(1993). There is an exception, however, where the rights and interests of the parties are so intermingled and interdependent that reversal in favor of only one party would not affect a just result as to both the appealing and the nonappealing parties. *See e.g. Swinney v. Mosher*, 830 S.W.2d 187, 197 (Tex. App.1992) (general rule does not apply "where the respective rights of the appealing and nonappealing parties are so interwoven and dependent on each other as to require a reversal of the entire judgment"). Because the attorney's fees are payable by both appellants and Willoughby, and because Hat Six is appealing the amount awarded, Willoughby's interests will be prejudiced if he is not granted the benefit of this reversal. We therefore will hold that the results of these appeals apply equally to Willoughby.

*Rule 11 of the Wyoming Rules of Civil Procedure*

■ [¶ 18] While we have great doubt regarding the reasoning employed by the district court in the granting of sanctions pursuant to Rule 11, we need not reach the merits of the discussion because Hat Six failed to follow the procedure required to bring an appropriate motion for Rule 11 sanctions. Hat Six did not file its motion for sanctions pursuant to Rule 11 until after the case had been dismissed. Such a motion runs contrary to the letter and the spirit of Rule 11. Rule 11 states, in pertinent part:

> Rule 11. Signing of pleadings, motions, and other papers; representations to court; sanctions.
>
> (a) *Signature.*—Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

> (b) *Representations to court.*—By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

> (c) *Sanctions.*—If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) How Initiated.
>
> (A) By motion.—A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses

and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On court's initiative.—On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) Nature of sanction; limitations.—A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.

[¶ 19] Rule 11 sanctions are not to be cavalierly threatened or imposed. We recently discussed the procedural requirements of Rule 11 in *Caldwell*. *Caldwell* presented a similar procedural background: a motion for sanctions was filed after the case was resolved. We vacated the order awarding sanctions under Rule 11 because the strict procedural requirements of Rule 11 were not followed. 2001 WY 106, ¶ 12, 33 P.3d 1138, ¶ 12. As we emphasized in *Caldwell*, Rule 11 contains a "safe harbor" provision by which counsel provides a warning to opposing counsel through the service of a motion for sanctions upon opposing counsel only. *Id.* at ¶ 10. This motion is not to be filed with the court until at least twenty-one days after its service, in order to give opposing counsel an opportunity to correct or withdraw any alleg-

edly sanctionable paper. Obviously, opposing counsel has no opportunity to correct or withdraw the allegedly offending paper if a motion for sanctions is served after the case is ended. Here, the motion for Rule 11 sanctions was filed directly with the district court after the case was settled. Such a motion should not be entertained. The award of sanctions pursuant to Rule 11 is vacated.

*Title VII*

[¶ 20] The district court also awarded attorney's fees pursuant to § 706(k) of Title VII.[3] A fairly stringent standard is applied to the award of attorney's fees to a prevailing defendant in a Title VII case. A prevailing defendant in a Title VII action is entitled to attorney's fees only in the very limited circumstance where "a court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). Attorney's fees cannot be awarded against a plaintiff simply because the plaintiff lost the case. The Supreme Court specifically cautioned that courts must:

resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Id.* at 421–22, 98 S.Ct. at 700.

[¶ 21] Strong policy considerations support restricting the award of attorney's fees to prevailing defendants in Title VII cases. Legislative policy encourages the vindication of civil rights through private litigation. *Id.* at 418, 98 S.Ct. at 699 ("the plaintiff is the chosen instrument of Congress to vindicate 'a

---

**3.** (k) Attorney's fee; liability of Commission and United States for costs.

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attor-

ney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k) (1994).

policy that Congress considered of the highest priority' " (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968))). Thus, limiting the award of attorney's fees to prevailing defendants under Title VII is appropriate and necessary in order to protect and encourage plaintiffs to file meritorious claims, especially plaintiffs of limited means.

[¶ 22] Applying this law and these policy considerations to the instant appeal, we find that it was an abuse of discretion to award attorney's fees to Hat Six. While the parties raise the issue whether or not Hat Six was a prevailing party for purposes of 42 U.S.C. 2000e–5(k), we need not determine this issue because the suit clearly was not frivolous. Hat Six denied that Welch and Harn were employees, claiming instead that they were independent contractors. Thus, Hat Six presented a question of fact as to the status of anyone working for it. Affidavits from Welch and Willoughby state that, as of the time the complaint was filed, they thought that Hat Six employed the requisite number of employees. Grounds existed to file the complaint and start the formal discovery process. That discovery did not ultimately confirm Hat Six employed the requisite number of people does not make the filing of the complaint frivolous or groundless. Strong allegations of sexual harassment formed the foundation for the complaint and every count therein, and there was never a ruling on these allegations. Under these circumstances, Hat Six is not entitled to recover any of its attorney's fees.

## CONCLUSION

[¶ 23] Rule 11 of the W.R.C.P. involves serious consequences and should not be lightly invoked. Rule 11 contains very specific procedural requirements that are mandatory. Hat Six did not follow the required procedure, and therefore Rule 11 sanctions should not have been imposed.

[¶ 24] This case involved significant allegations of sexual harassment in the workplace. Adequate grounds existed to bring the complaint. Hat Six denied being an employer as defined by Title VII. This raised a question of fact, requiring resolution through formal discovery. Summary judgment was granted to Hat Six on the Title VII claim after the issue was clarified through discovery and the motion for summary judgment. There was nothing frivolous or groundless in bringing or maintaining the Title VII claim under these facts. An award of attorney's fees to Hat Six is not appropriate in this case.

[¶ 25] The judgment of the district court regarding attorney's fees and sanctions is reversed. This ruling applies equally to attorney Willoughby as to the appealing parties. Appeal number 00–210 is dismissed as moot.