# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 71

### APRIL TERM, A.D. 2016

### July 15, 2016

RAY P. EDSALL, Trustee of the RAY P. EDSALL REVOCABLE LIVING TRUST, Dated October 28, 2011,

Appellant
(Defendant),

v.

S-15-0274

JOY BELL MOORE and TIFFANY LA TOYA MOORE,

Appellees
(Plaintiffs).

*Appeal from the District Court of Crook County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

Harriet M. Hageman and Korry D. Lewis, Hageman Law P.C., Cheyenne, Wyoming. Argument by Ms. Lewis.

*Representing Appellees:*

Madison M. Brown and Matthew R. Sorenson, Daly & Sorenson, LLC, Gillette, Wyoming. Argument by Ms. Brown.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    Appellant, Ray Edsall, challenges the district court's denial of his motion for attorney's fees incurred in his defense of an action to establish a private road brought by Appellees Joy Bell Moore and Tiffany La Toya Moore.  He also challenges the denial of his motion seeking compensation as a result of the district court's decision to grant the Moores temporary access to an existing road across Mr. Edsall's property.  We find the district court lacked jurisdiction to consider the motions.  Because we have no greater jurisdiction than the district court, we dismiss.

## *ISSUE*

[¶2]    Does this Court have jurisdiction to entertain Mr. Edsall's appeal?

## *FACTS*

[¶3]    In 2006, Joy Bell Moore and her daughter, Tiffany La Toya Moore, received a 520-acre parcel of land in Crook County, Wyoming from Alice Jay, mother to Joy and grandmother to Tiffany.[1]  The property, referred to as the "Jay Ranch," is adjacent to property owned by Mr. Edsall.  Following Ms. Jay's death in 2011, the Moores sought access to the property via the "Jay Road," an existing private road which runs across Mr. Edsall's property.  According to the Moores, they made attempts to contact Mr. Edsall in October and November 2012 in order to gain access to the hay crop on the property.  Mr. Edsall did not respond.  The Moores made several attempts to contact Mr. Edsall again in July 2013 and, in a letter dated July 25, 2013, they offered to pay for access across Mr. Edsall's property.  In August, counsel for Mr. Edsall responded that he would be willing to negotiate access to the property.  However, as a result of the delayed response, the Moores were unable to harvest the hay crop.

[¶4]    In October 2013, the Moores filed a Complaint for Private Road and Damages.  In Count I of their complaint, the Moores sought to establish a private road pursuant to Wyo. Stat. Ann. § 24-9-101 (LexisNexis 2013).[2]  In Count II, they sought to recover

---

[1] Title to the Jay Ranch was subsequently disputed by Ms. Jay's children, as discussed at ¶ 5.

[2] The statute provides, in relevant part, as follows:

> **§ 24-9-101.  Answer and complaint; initial hearing; appointment of viewers and appraisers.**
>
> (a) Any person whose land has no outlet to, nor connection with a public road, may commence an action in district court in any county in which

1

damages for loss of the hay crop. Mr. Edsall answered and filed a motion to dismiss the Moores' damage claim. He contended the Moores' claim for damages was not a recognized cause of action because the Moores had no legally enforceable right to cross his property.

[¶5] While this suit was pending, the Moores were also involved in litigation to determine the rightful ownership of the Jay Ranch. In January 2014, after learning of that litigation, Mr. Edsall filed a motion to stay the proceedings in this case. He also filed a motion for an award of attorney's fees in the amount of $4,717.50, alleging that the Moores' damage claim had been brought in bad faith. The district court denied both motions.

[¶6] The district court subsequently held a hearing, pursuant to Wyo. Stat. Ann. § 24-9-101(h), to determine whether the Moores had satisfied the statutory threshold requirements to move forward with their private road claim. The court found that the Moores had satisfied the requirements and granted the Moores temporary access to the "Jay Road" across Mr. Edsall's property until September 30, 2014. Subsequently, the court extended access to December 31, 2014. The court required the Moores to post a $10,000 bond for costs allowed under Wyo. Stat. Ann. § 24-9-103.[3] The district court also dismissed the Moores' damage claim with prejudice. It concluded, however, that the Moores had not acted in bad faith in asserting their claim and denied Mr. Edsall's motion for attorney's fees.

---

any part of the land is located for a private road leading from his land to some convenient public road. The plaintiff shall join as defendants the owners of record, owners of recorded easements and rights of way and any lessee, mortgagee or occupant of the land over which any proposed road would cross. . . .

[3] The statute provides, in relevant part, as follows:

**§ 24-9-103. Report of viewers and appraisers; trial to the court; costs.**

(a) The viewers and appraisers so appointed, or a majority of them, shall make a report of their recommendations to the court, and also the amount of damages, if any, appraised by them, and the defendant entitled to such damages. . . .
. . . .

(d) In addition to paying any damages to be suffered by the defendants, the court shall order the plaintiff to pay appropriate costs, which shall include any survey, plat, engineering and construction costs incurred concerning the location and construction of the road.

[¶7] Mr. Edsall filed a notice of appeal from the district court's order. He sought review of the district court's determination that the Moores had satisfied the threshold statutory requirements to establish a private road, as well as the court's denial of his motion for attorney's fees. This Court dismissed the appeal after finding the district court's order "is not a final, appealable order because it does not determine the action or 'resolve all outstanding issues.'"

[¶8] In October 2014, a decision was rendered against the Moores in the litigation to determine ownership of the Jay Ranch. Afterwards, they took no further action in the present case. On February 11, 2015, the district court issued a Notice of Intent to Dismiss. The notice informed the parties that, because no action had taken place in the case for a period of 90 days, the court would dismiss for lack of prosecution unless the parties provided good cause for continuing the case within 30 days. Neither party objected. On March 19, 2015, the district court entered an order dismissing the case for lack of prosecution.

[¶9] On April 8, Mr. Edsall filed a "Defendant's Motion for Award of Attorney's Fees and Motion for Compensation for the Plaintiffs' Temporary Road Access During 2014." Mr. Edsall requested a total of $27,597.50 in attorney's fees, which included the $4,717.50 requested in his initial motion for attorney's fees. The district court denied both motions. In its order, the court concluded that "the Plaintiff's claims were not made in bad faith and there is no other applicable exception to the general rule that each party is responsible for its own attorney fees." The court also stated that "Given that Plaintiffs' access was by an established road, locally referred to as the Jay road, the court finds no provision of the governing statutes to permit the award of compensation for the temporary road access." This appeal followed.

## DISCUSSION

[¶10] Before considering the issues presented in this case, we must first address the threshold question of subject matter jurisdiction. Although the parties have not raised the issue, whether jurisdiction exists "may be asserted at any time by any interested party or *sua sponte* by the court at the trial or appellate level." *City of Casper v. Holloway*, 2015 WY 93, ¶ 16, 354 P.3d 65, 70 (Wyo. 2015) (quoting *In re AGS*, 2014 WY 143, ¶ 15, 337 P.3d 470, 476 (Wyo. 2014)). The absence of subject matter jurisdiction in a district court cannot be waived, and this Court can have no greater jurisdiction of the subject matter than the district court. *Platte Dev. Co. v. State, Envtl. Quality Council*, 966 P.2d 972, 974 (Wyo. 1998). Whether a court has jurisdiction to decide a particular matter is a question of law, which we review *de novo*. *Scott v. Board of Trustees*, 2015 WY 128, ¶ 7, 357 P.3d 1137, 1138 (Wyo. 2015).

[¶11] Mr. Edsall claims the district court erred in denying his motion for award of

attorney's fees.[4]   In that motion, Mr. Edsall asserted his request for attorney's fees was authorized under W.R.C.P. 54(d)(2), which permits the filing of a post-judgment motion for attorney's fees "[w]hen allowed by law."   However, Mr. Edsall did not seek to recover attorney's fees pursuant to any statute or contract, as is generally required for departure from the American Rule, which holds that each party is responsible for their own attorney's fees. *Thorkildsen v. Belden*, 2012 WY 8, ¶ 10, 269 P.3d 421, 424 (Wyo. 2012).   Rather, he asserted that he was entitled to attorney's fees due to the Moores' "bad faith" and abuse of "the judicial process."   Likewise, in this appeal, Mr. Edsall contends "[The Moores'] damages claim was a patently frivolous claim from the beginning and was filed against Edsall in bad faith."   According to Mr. Edsall, his attorney's fees are recoverable under the inherent power of the court to impose sanctions in order to control the administration of justice.

[¶12]   We find Mr. Edsall's post-judgment motion for attorney's fees was not authorized under Rule 54.   As noted above, Mr. Edsall requested attorney's fees as a sanction for the Moores' alleged bad faith.   However, Rule 54(d)(2)(E) specifically provides that "The provisions of subparagraphs (A) through (D) do not apply to claims for fees and expenses as sanctions for violations of these rules."   Accordingly, Rule 54 did not provide the district court with jurisdiction to determine Mr. Edsall's post-judgment motion for attorney's fees.

[¶13]   Mr. Edsall's request for attorney's fees is properly characterized as a motion for sanctions under W.R.C.P. 11.   Indeed, the allegations contained in Mr. Edsall's motion before the district court fall squarely within the scope of that Rule.   It provides, in pertinent part, as follows:

> **Rule 11. Signing of pleadings, motions, and other papers; representations to court; sanctions.**
>
> (a) *Signature*. – Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address, telephone number, and attorney number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or

---

[4] As indicated above, Mr. Edsall combined his claim for attorney's fees with his claim for compensation resulting from the Moores' temporary access in one motion, titled "Defendant's Motion for Award of Attorney's Fees and Motion for Compensation for the Plaintiffs' Temporary Road Access During 2014." We consider Mr. Edsall's motion as two separate motions.

4

accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) *Representations to court*. – By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) *Sanctions*. – If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By motion. – A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the

5

specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On court's initiative. – On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) Nature of sanction; limitations. – A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.

We have held, however, that a motion for sanctions under Rule 11 presented after dismissal is not proper:

. . . Hat Six failed to follow the procedure required to bring an appropriate motion for Rule 11 sanctions. Hat Six did not file its motion for sanctions pursuant to Rule 11 until after the case had been dismissed. Such a motion runs contrary to the letter and the spirit of Rule 11. . . .

6

Rule 11 sanctions are not to be cavalierly threatened or imposed. We recently discussed the procedural requirements of Rule 11 in *Caldwell* [*v. Cummings*, 2001 WY 106, 33 P.3d 1138 (Wyo. 2001)]. *Caldwell* presented a similar procedural background: a motion for sanctions was filed after the case was resolved. We vacated the order awarding sanctions under Rule 11 because the strict procedural requirements of Rule 11 were not followed. 2001 WY 106, ¶ 12, 33 P.3d 1138, [1142]. As we emphasized in *Caldwell*, Rule 11 contains a "safe harbor" provision by which counsel provides a warning to opposing counsel through the service of a motion for sanctions upon opposing counsel only. [*Id.*, ¶ 10, 33 P.3d at 1141]. This motion is not to be filed with the court until at least twenty-one days after its service, in order to give opposing counsel an opportunity to correct or withdraw any allegedly sanctionable paper. Obviously, opposing counsel has no opportunity to correct or withdraw the allegedly offending paper if a motion for sanctions is served after the case is ended. Here, the motion for Rule 11 sanctions was filed directly with the district court after the case was settled. Such a motion should not be entertained. The award of sanctions pursuant to Rule 11 is vacated.

*Welch v. Hat Six Homes*, 2002 WY 81, ¶¶ 18-19, 47 P.3d 199, 204-05 (Wyo. 2002). We conclude, as in *Welch v. Hat Six Homes*, that because Mr. Edsall's motion was filed after the case was dismissed, it could not have complied with the requirements of Rule 11. Accordingly, we conclude the district court did not have jurisdiction to consider the motion.

[¶14] Mr. Edsall has cited to numerous federal authorities holding that courts have inherent authority to impose sanctions for conduct that can be considered abuse of the judicial process. In the cases cited by Mr. Edsall, however, the appellants challenged the court's decision to impose sanctions, or its failure to do so after finding that a party had acted in bad faith. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 40, 111 S.Ct. 2123, 2130, 115 L.Ed.2d 27 (1991) ("On remand, NASCO moved for sanctions, invoking the District Court's inherent power, Fed. Rule Civ. Proc. 11, and 28 U. S. C. § 1927. After full briefing and a hearing, . . . the District Court determined that sanctions were appropriate."); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ("[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith."). The case before us, however, is not a case in which the district court determined that a party acted in bad faith. Indeed, the district court specifically concluded that the Moores had *not* acted in bad faith. Mr. Edsall has presented no authority holding that a court's

7

failure to invoke its inherent authority to award sanctions, in absence of a finding of bad faith, constitutes an abuse of discretion.[5] More importantly, however, he provides no authority in which a motion for sanctions has been entertained following dismissal of an action.

[¶15] Mr. Edsall also claims the district court erred in denying his motion for compensation for the Moores' temporary road access. According to Mr. Edsall, the court's failure to award compensation amounts to an unconstitutional taking under Article 1, Section 32 of the Wyoming Constitution. We conclude the district court did not have jurisdiction to determine the motion.

[¶16] Mr. Edsall did not make his request for compensation until several weeks after the district court dismissed the case for lack of prosecution. He did not file a counterclaim seeking compensation for access to the Jay Road, and he did not pursue a claim against the $10,000 bond posted by the Moores at any time during which the case was pending. Further, Mr. Edsall did not object to the court's 30-day notice of intent to dismiss, appeal the district court's decision to dismiss for lack of prosecution, or submit any request which could be characterized as a motion for relief from the dismissal order pursuant to W.R.C.P. 60(b). *Cf. Bartel v. West*, 2015 WY 136, ¶ 11, 357 P.3d 1166, 1169 (Wyo. 2015) (treating appellants' "Renewed Motion and Memorandum for Summary Judgment" as an additional motion for relief pursuant to W.R.C.P. 60(b)). Additionally, even if the motion could be characterized as a motion to alter or amend judgment under W.R.C.P. 59(e), the motion was not filed within 10 days after judgment was entered, as required under the Rule. Ultimately, Mr. Edsall has not cited any authority indicating the district court had continuing jurisdiction to rule on his motion for compensation after the case was dismissed, and we have found none. The district court did not have jurisdiction to consider the motion for compensation.

## *CONCLUSION*

[¶17] In conclusion, we find the district court did not have jurisdiction to consider Mr. Edsall's Motion for Award of Attorney's Fees and Motion for Compensation for the Plaintiffs' Temporary Road Access During 2014. We have no better jurisdiction than the district court. *Lankford v. City of Laramie*, 2004 WY 143, ¶ 23, 100 P.3d 1238, 1244 (Wyo. 2004).

[¶18] Dismissed.

---

[5] Nothing in our decision here should be interpreted as an impingement on a court's inherent authority to award sanctions for conduct determined to be in bad faith.